An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLAS FELIX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60315

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on November 14, 2011, more than five years after entry of the judgment of conviction on February 9, 2006.[1] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised a number of claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was

---

[1]No direct appeal was taken.

[2]*Felix v. State*, Docket No. 49613 (Order of Affirmance, February 3, 2009).

required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant argues that he has good cause because of ineffective assistance of his trial and previous post-conviction appellate counsel. A procedurally barred claim of ineffective assistance of trial counsel cannot constitute cause for additional claims of ineffective assistance of counsel. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In addition, appellant had no statutory right to post-conviction counsel, and thus the ineffective assistance of post-conviction counsel does not provide good cause for a successive and untimely petition. *See McKague v. Warden*, 112 Nev. 159, 164-65 & n.5, 912 P.2d 255, 258 & n.5 (1996); *Crump v. Warden*, 113 Nev. 293, 303 & n.5, 934 P.2d 247, 253 & n.5 (1997).[3]

Moreover, appellant fails to demonstrate actual prejudice. Appellant claims that his trial counsel failed to inform him that he would be sentenced to life without the possibility of parole, that counsel coerced his plea due to the Mexican government's opposition to the death penalty,

---

[3]Appellant also argues that *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provides good cause to raise his claims of ineffective assistance of post-conviction appellate counsel. A claim under the *Martinez* decision was not raised in the district court, and therefore, we decline to consider this claim in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.2d 25, 33 (2004). As a separate and independent ground for denying this argument, *Martinez* does not apply to "appeals from initial-review collateral proceedings," and therefore, does not apply to appellant's claims of ineffective assistance of post-conviction appellate counsel. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1320.

that counsel coerced his guilty plea by threatening to have his family deported, and that post-conviction counsel failed to properly raise those claims in the post-conviction appeal. Appellant cannot demonstrate actual prejudice for these claims of ineffective assistance of trial counsel because he acknowledged in the guilty plea agreement that he understood his sentence would be for a term of life without the possibility of parole and that he made the agreement voluntarily, and not under duress or coercion. At the plea canvass, appellant also acknowledged that he had stipulated to a sentence of life without the possibility of parole and informed the court that no one had threatened or coerced him into entering his plea. Further, as appellant was not entitled to post-conviction counsel, he cannot show prejudice stemming from his appellate post-conviction counsel's performance. Moreover, appellant fails to demonstrate that any of these claims would have had a reasonable likelihood of success had post-conviction counsel raised them on appeal, and therefore, fails to demonstrate any prejudice for the failure to raise them on appeal. Therefore, the district court did not err in concluding that these claims were procedurally barred.

Second, appellant argues he had good cause because he lacks access to the prison law library and to prison law clerks, he is uneducated, he does not speak English, and has no access to Spanish-language legal material. Appellant fails to demonstrate that inadequate law libraries or inadequate assistance from legally trained persons deprived him of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343, 354-56 (1996). Further, appellant's alleged language barrier does not provide good cause in this case as appellant has already litigated a post-conviction petition for a writ

 

of habeas corpus. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (holding that equitable tolling requires a non-English speaking petitioner demonstrate that during the time period, the petitioner was unable to procure either legal materials in his own language or translation assistance despite diligent efforts). Moreover, appellant's lack of education fails to demonstrate that an impediment external to the defense prevented appellant from complying with the procedural bars. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Fourth, appellant appears to assert that he has good cause to overcome the procedural bars because the district court erred in the proceedings for his first post-conviction petition for a writ of habeas corpus by declining to appoint post-conviction counsel, by declining to conduct an evidentiary hearing regarding the claims in his first petition, and by orally denying the petition at a status conference without appellant's presence. These issues have already been considered and rejected by this court. *Felix v. State*, Docket No. 49613 (Order of Affirmance, February 3, 2009). The doctrine of law of the case prevents further litigation of these issues and "cannot be avoided by a more detailed and precisely focused argument." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).

Appellant also fails to overcome the presumption of prejudice to the State because he fails to demonstrate a fundamental miscarriage of justice. *See* NRS 34.800(1)(b). Therefore, the district court did not err in

denying the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk