An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK J. MATYLINSKY, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63116

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal of an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant filed his petition on May 18, 2010, more than 21 years after issuance of the remittitur on direct appeal on December 13, 1988. *Matylinsky v. State*, Docket Nos. 16222 and 18547 (Order Dismissing Appeals, November 22, 1988). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised one claim that was new and different from those raised in his previous petitions.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's

_____

[1]*Matylinsky v. State*, Docket Nos. 16222 and 18547 (Order Dismissing Appeals, November 2, 1989); *Matylinsky v. Warden*, Docket No. 20228 (Order Dismissing Appeal, November 2, 1989); *Matylinsky v. State*, Docket No. 38746 (Order of Affirmance, September 12, 2002).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23946

petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Based upon our review of the record on appeal, we conclude that the district court did not err in dismissing the petition as procedurally barred for the reasons discussed below.

First, appellant claims that the district court erred in denying his claim that he had good cause to file an untimely and successive petition because he received ineffective assistance of post-conviction counsel. Appellant fails to demonstrate that the district court erred. At the time that appellant filed his first post-conviction petition, he was statutorily entitled to the appointment of counsel, which meant he was entitled to the effective assistance of post-conviction counsel. *See Crump v. Warden*, 113 Nev. 293, 297 n. 2, 303, 934 P.2d 247, 249 n. 2, 253 (1997) (discussing former NRS 177.345(1)). However, appellant previously raised this claim in a prior petition in an attempt to overcome the procedural bars. *Matylinsky v. State*, Docket No. 38746 (Order of Affirmance, September 12, 2002). This court concluded that the claim was procedurally barred. *Id.* Therefore, this claim is barred by the doctrine of law of the case. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1995). Further, appellant's reliance on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) is misplaced. Even assuming *Martinez* applies to state courts and is retroactive, *Martinez* does not provide good cause because appellant was entitled to the effective assistance of counsel for his first post-conviction petition as a matter of state law. Therefore, that claim was available to be asserted as good cause long before *Martinez* was decided.

Second, appellant claims that the district court erred in denying his claim that he had good cause to file an untimely and successive petition because he has continuously litigated the constitutionality of his conviction. Appellant fails to demonstrate that the district court erred. Appellant fails to demonstrate that an impediment external to the defense prevented him from filing his claims in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Continuous piecemeal litigation is not permitted under our statutory scheme, *see* NRS 34.810(1)(b), (3), and appellant has not demonstrate good cause for his failure to raise his claims earlier.

Next, appellant claims that this court should consider his "motion for good cause to file supplemental petitions for writs of habeas corpus," "Petitioner's (1st) Supplemental Petition for Writ of Habeas Corpus," and "Petitioner's (2nd) Supplemental Petition for Writ of Habeas Corpus," which were filed in proper person after counsel was appointed and after the motion to dismiss was filed. Appellant fails to identify any arguments made in these documents that would be helpful to his claims on appeal. Appellant's attempt to incorporate these claims raised below without identification of the specific claims, cogent argument, or relevant legal authority is improper, and we decline to consider them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Further, the district court did not err in denying appellant's motion to file these documents. *See* NRS 34.750(5).

Finally, appellant claims that this case should be remanded to the district court for the district court to make specific factual findings and conclusions of law. Our review of the order shows that the district court's

order contains sufficient factual findings and conclusions of law, and therefore, a remand is not necessary.

Having concluded that the district court did not err in dismissing the petition as procedurally barred, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Patrick Flanagan, District Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A