THOMAS WAYNE CRUMP, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, PETER DEMOSTHENES, RESPONDENT.

No. 27937

February 26, 1997                                    934 P.2d 247

[Rehearing denied December 17, 1997]

*Steven G. McGuire,* State Public Defender, and *James P. Logan,* Deputy, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, and *Keith G. Munro,* Deputy, Carson City, for Respondent.

---

[6]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.

# OPINION

*Per Curiam:*

On April 25, 1984, pursuant to a jury verdict, appellant Thomas Wayne Crump ("Crump") was convicted of one count for each of murder in the first degree with use of a deadly weapon and robbery with use of a deadly weapon. In the penalty phase,

the jury found three aggravating factors and no mitigating circumstances. Crump was sentenced to death.

On direct appeal, we affirmed Crump's conviction and the sentences. Crump v. State, 102 Nev. 158, 716 P.2d 1387 (1986). Crump's petition for a writ of certiorari in the United States Supreme Court was denied. Crump v. Nevada, 479 U.S. 871 (1986).

On October 28, 1986, Crump filed a proper person petition for post-conviction relief in the Eighth Judicial District Court. Pursuant to NRS 177.345(1), he was appointed counsel on November 4, 1986. On April 14, 1987, after an evidentiary hearing, the district court dismissed Crump's petition. Crump's appeal from the denial of his petition was dismissed. Crump v. State, Docket No. 18226 (Order Dismissing Appeal, August 31, 1988).

On October 26, 1988, Crump petitioned for a writ of habeas corpus in the United States District Court, District of Nevada, against respondent Warden, Nevada State Prison, Peter Demosthenes ("the State"). That petition was voluntarily dismissed on August 14, 1989.

On August 31, 1989, Crump filed the present petition for a writ of habeas corpus in the First Judicial District Court. On November 7, 1995, after Crump was afforded numerous opportunities to amend and supplement his petition, the district court denied it. On December 6, 1995, Crump appealed, arguing that the district court erred by dismissing his petition on procedural grounds.

We conclude that Crump was entitled to effective assistance of counsel for his first petition for post-conviction relief. Therefore, we conclude that Crump should have been permitted to prove whether his post-conviction counsel was ineffective in order to satisfy the "cause" element necessary to defeat procedural default of the claims in the present petition pursuant to NRS 34.810(1)(b)(3). Accordingly, we remand this matter to the district court for an evidentiary hearing on this issue.

## PROCEDURAL FACTS

### Background facts[1]

On October 4, 1980, the body of Jodie Jameson ("Jameson") was discovered in a motel room bathtub in Las Vegas. Her arms and legs were tightly bound with pantyhose. A loosely fitting ligature made from thin knotted strips of torn pillowcase fabric was found around Jameson's neck. An autopsy revealed the cause of death to be ligature strangulation.

___

[1]The background facts are taken from our earlier opinion in Crump v. State, 102 Nev. 158, 716 P.2d 1387 (1986), cert. denied, 479 U.S. 871 (1986).

In a videotaped confession received into evidence during the guilt phase of the trial, Crump confessed that he killed and robbed Jameson because he believed that she had robbed him. In his videotaped confession, Crump stated:

> I snapped. . . . I didn't have nothin' . . . . I told her she could take [the money] to hell with her. . . . No crime of murder, of violence is justifiable, but in my estimation it was. . . . She deserved what she got, I don't feel no remorse over it. . . . I could have obtained my money without killing her. I just wanted to kill her. . . . It's an eye for an eye. . . . I premeditated. I knew I was going to kill her and I did.

In a second videotaped confession received into evidence during the penalty phase of his trial, Crump spoke at length about the multiple crimes he had committed during his life. Crump confessed he had committed (1) seven murders; (2) seven attempted murders; and (3) innumerable robberies, assaults and kidnappings. Crump additionally confessed he had participated in a prison uprising in which a prison guard had been taken hostage and killed. He had also escaped from a New Mexico jail. In this videotaped confession, Crump stated:

> I would escape if you give me the opportunity; time is nothing. . . . Penitentiary time doesn't affect me at all; If I was to get out of here today, I'd hurt somebody today; and I would like the death penalty because I deserve it. . . . I don't want to hurt nobody else.

On April 24, 1984, the jury convicted Crump of first degree murder and robbery, both with use of a deadly weapon. At the penalty phase of Crump's murder conviction, the jury found three aggravating circumstances: (1) the murder was committed by a person who had a previous conviction for another murder or felony involving use or threat of violence to another person; (2) the murder was committed while the person was engaged in the commission of or flight after committing a robbery; and (3) the murder involved depravity of mind. The jury found no mitigating circumstances and sentenced Crump to death.

### Procedural facts

On May 8, 1984, the district court formally sentenced Crump to death for his first degree murder conviction. For his robbery with use of a deadly weapon conviction, the court sentenced Crump to two consecutive fifteen-year prison terms.

Crump appealed his convictions and sentences to this court. On April 9, 1986, this court affirmed Crump's convictions and

sentences. *Crump,* 102 Nev. 158, 716 P.2d 1387. Remittitur issued on May 7, 1986.

On June 6, 1986, Crump filed a petition for writ of certiorari in the United States Supreme Court. On October 6, 1986, the Court denied the petition. *Crump,* 479 U.S. 871. On October 16, 1986, the State obtained an execution warrant to be carried out on November 14, 1986.

On October 28, 1986, Crump filed a proper person petition for post-conviction relief in the Eighth Judicial District Court. Pursuant to NRS 177.345(1),[2] the district court was required to appoint counsel to represent Crump upon a showing that Crump was indigent. Therefore, on November 4, 1986, the judge appointed Barbara Schubel ("Schubel") to represent Crump. The court ordered Schubel to file a supplement to the post-conviction petition no later than November 10, 1986. The court also denied Schubel's motion to stay Crump's execution.

On November 8, 1986, in response to the district court's denial of the motion to stay execution, Crump filed with this court a petition for a writ of mandamus against Judge Thompson. At the same time, Crump also filed a writ of habeas corpus in the United States Federal District Court for the District of Nevada. Prior to this court's disposition of the mandamus action, the federal district court granted Crump a stay of execution. Consequently, this court concluded that the mandamus action was moot and denied Crump's petition.

On February 6, 1987, the federal district court dismissed Crump's habeas corpus petition. The court stated, "It is ordered that the above-entitled actions are hereby dismissed without prejudice to permit the parties to exhaust state remedies."

On April 14, 1987, after conducting an evidentiary hearing on Crump's petition for post-conviction relief, the Eighth Judicial District Court dismissed Crump's petition. Crump appealed that decision to this court. On August 31, 1988, this court dismissed Crump's appeal.

On October 26, 1988, Crump filed another petition for writ of

---

[2]In 1986, NRS 177.345(1) provided:

> The petition may allege that the petitioner is unable to pay the costs of the proceeding or to employ counsel. If the court is satisfied that the allegation is true, it *shall* appoint counsel for him within 10 days of the filing of the petition.

(Emphasis added.) In other words, if the petitioner was indigent, he was *entitled* to counsel, and the court was required to appoint him representation.

This statute was amended in 1987 to allow for discretionary appointment of counsel if the petitioner was indigent. In 1993, this statute was repealed. However, NRS 34.750, which also allows discretionary appointment of counsel to indigent petitioners, is still in effect.

habeas corpus in the United States District Court for the District of Nevada. On October 26, 1988, the federal district court directed Crump to "include all grounds for relief of which Petitioner is aware." The court advised Crump that failure to raise all possible grounds for habeas corpus relief "may result in loss of the omitted grounds under the rules regarding abuse of the writ." The court further stated that "[i]f Petitioner knows of grounds of relief which have not been exhausted in the state system, the present petition should be voluntarily dismissed by Petitioner so that Petitioner may exhaust all possible grounds for relief in the state court before proceeding in federal court." On August 14, 1989, Crump filed a motion to dismiss his federal petition. On August 31, 1989, the federal district court entered an order dismissing the petition.

On August 31, 1989, Crump filed a petition for writ of habeas corpus in the First Judicial District Court. Crump raised two claims of error:

> I.  Nevada's Statute "Aggravating Factor" that the offense was committed in an especially "[c]ruel", "heinous", or "depraved" manner is unconstitutionally vague.

> II.  The Nevada Statute violated [Petitioner's] Sixth Amendment right to a Jury determination of the elements of an offense by requiring the Judge to make factual findings regarding aggravating circumstances.

On September 1, 1989, the district court appointed the State Public Defender's Office to represent Crump. The September 1, 1989 order also stated that "[Crump] shall have forty-five (45) days from the date of this Order to supplement the Petition in accordance with NRS 34.750."

On March 26, 1990, Crump filed a supplement to his petition alleging the following seventeen grounds of error:

> A.  [Prior to trial,] Crump did not waive his right to an attorney or a stand-by attorney.

> B.  The trial court's refusal to grant Crump's motion to continue his capital murder trial was error.

> C.  It was error [for the trial court] to require that Crump state reasons for the necessity of his out of state witnesses.

> D.  The [trial counsel's] failure to ask the court to remand the proceedings to justice court for a preliminary hearing was error.

> E.  The [trial counsel's] failure to seek the recusal of Judge Thompson prior to trial was error.

F.   The [trial counsel's] failure to demand prior notice of the alleged aggravating factors was error.

G.   The [trial counsel's] failure to proffer a jury instruction on the "voluntariness" issue was error.

H.   The [trial counsel's] failure to raise the issue of the presentation of the Rithchie and Strickland testimony during the state's guilt phase case-in-chief was error.

I.   It was error for [the trial counsel] to fail to request a continuance prior to the penalty phase of Crump's trial.

J.   The [trial counsel's] failure to object to the three aggravating factors presented to the jury during the penalty phase was error.
  1.   The "depravity of mind" and "murder during a robbery" instructions.
  2.   The prior murder or violent felony conviction aggravator.

K.   Crump did not knowingly waive his right to present evidence in mitigation of the death penalty.

L.   [Appellate and post-conviction] counsel's failure to interview the trial jurors was error.

M.   The [district] court's refusal to appoint an investigator at post-conviction was error.

N.   The failure to revolve [sic] the initial conflict of interest was error.

O.   The [post-conviction counsel's] failure to move to recuse Judge Thompson from the post-conviction proceedings was error.

P.   Crump did not waive his right to appear at his post-conviction proceedings.

Q.   The [trial counsel's] failure to move for a mistrial after Crump was excluded from the courtroom was error.

On May 17, 1990, Crump filed an addendum to supplement to petition for writ of habeas corpus, which added an additional claim, stating:

R.   The [trial] court's instruction regarding burden of proof at penalty phase shifted the burden of proof to the defense in violation of the Constitution.

On May 21, 1990, the district court entered an order permitting Crump to file a second supplement. The order stated that the deadline for this supplement was June 12, 1990.

On July 6, 1994, more than four years after the district court's deadline expired, Crump filed his second addendum to supplement for writ of habeas corpus. Crump raised the following five additional claims of error:

S. Trial counsel failed to object to the jury instructions given which improperly defined "reasonable doubt," failed to propose a proper instruction on the subject, and appellate and post-conviction counsel neglected to pursue this issue.
  1. Guilt phase.
  2. Penalty phase.

T. Trial counsel failed to object to impermissible instances of prosecutorial misconduct and was ineffective. In addition, appellate and post-conviction counsel were ineffective for failing to raise these issues.
  1. Guilt phase.
  2. Penalty phase.

U. Appellate and post-conviction counsel were ineffective for failing to raise the issue of whether Crump validly waived his constitutional right to testify during the guilt and penalty phases of the trial.

V. Nevada's death penalty scheme suffers from numerous constitutional infirmities.
  1. Nevada's death penalty statute is unconstitutional as it fails to truly narrow the categories of eligible defendants.
  2. Nevada's death penalty scheme is unconstitutionally vague since it allows the use of unspecified non-statutory aggravating circumstances.
  3. NRS 200.033 plainly states that only the aggravating circumstances set forth in the statute may be used as aggravating circumstances and evidence at trial should be restricted to the circumstances.
  4. The death penalty is cruel and unusual punishment in all circumstances and is prohibited by the Eighth Amendment to the United States Constitution.
  5. The death penalty is unconstitutional under Article 1, sec. 6 of the Nevada State Constitution which prohibits cruel and unusual punishment.

W. The petitioner's right to due process was violated by the failure to require the jury to specify which mitigating circumstances set forth in penalty phase jury instruction no. 11 were considered and rejected since this deprived the defendant of effective appellate review.

On July 21, 1994, the State filed a motion to dismiss the

petition for writ of habeas corpus. On August 30, 1994, Crump filed an opposition, to which the State filed a response. One year later, on August 22, 1995, the district court conducted an oral argument on the State's motion to dismiss.

On November 7, 1995, the district court ordered dismissal of Crump's petition on procedural grounds. Specifically, the order stated that

> Crump is engaging in endless, needless, piecemeal litigation with his petition for writ of habeas corpus. Pursuant to NRS 34.810, all of the claims of the instant petition for writ of habeas corpus are procedurally barred because [the] issues either 1) could have been raised on direct appeal or in the prior post-conviction proceeding in the Eighth Judicial District Court or 2) the issues have been raised and decided in the prior post-conviction relief proceeding.

In this appeal, Crump challenges the district court's denial of his second petition for post-conviction relief.

## DISCUSSION

In dismissing Crump's present petition for a writ of habeas corpus, the district court relied extensively upon NRS 34.810. In pertinent part, NRS 34.810 states:

1. The court shall dismiss a petition if the court determines that:

. . . .

(b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:

(1) Presented to the trial court;

(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or post-conviction relief; or

(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence, *unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.*

2. A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

3. Pursuant to subsections 1 and 2, the petitioner has the burden of pleading and proving specific facts that demonstrate:

(a) Good cause for the petitioner's failure to present the claim or for presenting the claim again; and

(b) Actual prejudice to the petitioner. The petitioner shall include in the petition all prior proceedings in which he challenged the same conviction or sentence.

4.   The court may dismiss a petition that fails to include any prior proceedings of which the court has knowledge through the record of the court or through the pleadings submitted by the respondent.

(Emphasis added.)

In order to show "cause," a petitioner must show an impediment external to the defense which prevented him from complying with the state procedural default rules. Passanisi v. Director, Dep't Prisons, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989). In order to establish "prejudice," a petitioner must show " 'not merely that the errors of trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, in affecting the state proceedings with error of constitutional dimensions.' " Hogan v. Warden, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

In the motion to dismiss the present petition, the State raised procedural default and abuse of the writ as grounds for dismissal. "Once such an allegation is made by the state, the burden then falls upon the petitioner to show . . . that good cause exists for his failure to raise any grounds in an earlier petition and that he will suffer actual prejudice if the grounds are not considered." Phelps v. Director, Prisons, 104 Nev. 656, 659, 764 P.2d 1303, 1305 (1988). Accordingly, Crump had the burden of establishing good cause for failing to raise the present grounds for post-conviction relief in his earlier petition and that he will suffer actual prejudice if the grounds are not considered.

Crump argues that ineffectiveness of his post-conviction counsel, Schubel, establishes "cause" to preclude the application of any procedural bar. Crump maintains that Schubel failed to raise all available issues in his first petition and that this constitutes ineffective assistance of counsel.

At the hearing for the present petition, the district court stated that it did not believe that Crump had a right to effective assistance of post-conviction counsel. Therefore, the court determined that ineffective assistance could not constitute the "cause" necessary to prevent procedural default in this case. We disagree and

conclude that Crump was entitled to effective assistance of counsel for his October 26, 1986 petition for post-conviction relief.

In McKague v. Warden, 112 Nev. 159, 165 n.5, 912 P.2d 255, 258 n.5 (1996), we held:

> As a matter of statutory interpretation, we note that where state law *entitles* one to the appointment of counsel to assist with an initial collateral attack after judgment and sentence, "[i]t is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel." [Commonwealth v. Alfred, 561 A.2d 736, 738 (Pa. 1989)]. Thus, a petitioner may make an ineffective assistance of counsel claim if that post-conviction counsel was appointed pursuant to NRS 34.820(1)(a).[3]

We then concluded that since McKague filed his first post-conviction petition prior to the enactment of NRS 34.820, that statute and its "concomitant right to effective assistance of counsel" did not apply to him.

Here, in 1986, pursuant to NRS 177.345, Schubel was appointed as Crump's counsel for his prior post-conviction proceeding. At that time, NRS 177.345 *mandated* appointment of counsel upon proof that the petitioner was indigent. Crump successfully alleged his indigence; therefore, the lower court was *required* to appoint counsel.[4] This is the very counsel he now alleges was ineffective.

We now hold that footnote 5 in *McKague* requires that a petitioner who has counsel appointed by statutory mandate is entitled to effective assistance of that counsel.[5] *See also* Bejarano v. Warden, 112 Nev. 1466, 929 P.2d 922 (1996). Accordingly, we conclude that Crump may allege that Schubel, his counsel, provided ineffective assistance because Crump was *entitled* by state law to be represented by counsel. Consequently, the district court erred when it determined that Crump did not have a right to effective assistance of counsel.

---

[3]NRS 34.820(1)(a), effective as of January 1, 1993, provides:
> 1.  If a petitioner has been sentenced to death and the petition is the first one challenging the validity of the petitioner's conviction or sentence, the court *shall*:
>     (a) Appoint counsel to represent the petitioner . . . .

(Emphasis added.)

[4]*See, supra,* note 2.

[5]This right to effective assistance of counsel arises *only* if that counsel was appointed pursuant to a statutory *mandate*. This right does *not* arise if the counsel was appointed pursuant to the court's *discretion*.

The United States Supreme Court held that ineffective assistance of counsel, violative of the Sixth Amendment, constitutes the "cause" portion of the test to defeat procedural default. Coleman v. Thompson, 501 U.S. 722, 753-54 (1990); *see also* Pertgen v. State, 110 Nev. 554, 560, 875 P.2d 361, 364 (1994). However, mere attorney error, not rising to the level of ineffective assistance of counsel, such as attorney ignorance or inadvertence, "is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman,* 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In Stewart v. Warden, 92 Nev. 588, 589, 555 P.2d 218, 219 (1976), appellant had requested that his attorney raise certain claims of error for his direct appeal. The attorney, however, neither presented those claims nor offered any reason or explanation for his failure to do so. This court held that under these circumstances, "cause" existed for appellant's failure to raise those claims previously. *Id.*

In the instant matter, Crump merely states that Schubel failed to raise all the present claims in Crump's first petition and that this constituted ineffective assistance. He does not allege that he specifically told Schubel to raise these claims and she neglected his request, such as what happened in *Stewart.* However, after a review of the record, we are unable to determine whether Schubel's failure to raise these claims earlier amounts to more than "attorney ignorance or inadvertence." *See Coleman,* 501 U.S. at 753. Therefore, we must remand this matter to the district court for an evidentiary hearing to determine whether Schubel's omissions constitute ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 688 (1984), and Warden v. Lyons, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984), *cert. denied,* 471 U.S. 1004 (1985).[6]

If Crump can prove that Schubel committed an error which rises to the level of ineffective assistance, then Crump will have established "cause" and "prejudice" under NRS

---

[6]To prove a claim of ineffective assistance of counsel, the petitioner must pass a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 690. Second, he must demonstrate actual prejudice; that is, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

34.810(1)(b)(3) to overcome procedural default. *See Coleman,* 501 U.S. at 753-54.

Because we conclude that an evidentiary hearing is necessary to determine whether "cause" and "prejudice" exists to defeat procedural default, we need not specifically address Crump's other contentions that the current petition for post-conviction relief is not procedurally barred. We further hold that Crump's remaining arguments are without merit.

## CONCLUSION

For the reasons articulated in this opinion, we remand this case for an evidentiary hearing. Crump must be given the opportunity to prove that the potential ineffective assistance of his prior post-conviction petition counsel constitutes the "cause" and "prejudice" necessary to defeat the application of a procedural bar.[7]

---

[7]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this appeal.