An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ANTHONY JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62323

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on August 8, 2012, more than 16 years after entry of the judgment of conviction on July 1, 1996.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

14-30740

in his previous petitions.[3]  *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.  *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).  Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice.  NRS 34.800(2).

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects.  Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required.  *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996).  Further, this court has recently held that the holding in *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.  Therefore, the district court properly denied the petition as procedurally barred.

---

[3]*Jones v. State*, Docket No. 30756 (Order Dismissing Appeal, September 11, 2000); *Jones v. State*, Docket No. 43554 (Order of Affirmance, March 29, 2005); *Jones v. State*, Docket No. 54863 (Order of Affirmance, January 13, 2011).

In addition, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_Cherry_ , J.
Cherry

cc:   Hon. Michael Villani, District Judge
      Christopher Anthony Jones
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk