An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY EUGENE HAWES,
Appellant,
vs.
ROBERT LEGRAND, WARDEN; AND
WARDEN LEE,
Respondents.

No. 61852

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on August 23, 2012, eight years after issuance of the remittitur on direct appeal on February 24, 2004. *Hawes v. State*, Docket No. 40431 (Order of Affirmance and Limited Remand to Correct the Judgment of Conviction, January 28, 2004). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30713

previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Second, he claimed that he had good cause because the district court lacked jurisdiction to sentence him as a habitual criminal because the State improperly filed the notice of intent. This claim did not implicate the jurisdiction of the court, *see* Nev. Const. art. 6, § 6; NRS 171.010, and thus, did not provide good cause.

Finally, appellant claimed that he had good cause pursuant to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), because counsel was ineffective

---

[2]*Hawes v. State*, Docket No. 49322 (Order of Affirmance, March 5, 2008).

in advising him to reject a plea offer from the State. Appellant's good cause argument was without merit because this claim of ineffective assistance of counsel was always available to be raised and appellant failed to demonstrate why he waited eight years to raise it. Further, because his case was final when *Lafler* and *Frye* were decided, he failed to demonstrate that the cases would apply retroactively to him. Even if *Lafler* and *Frye* announced new rules of constitutional law, he failed to allege facts that meet either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Therefore, the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Brent T. Adams, District Judge
Gary Eugene Hawes
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk