An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY ALLEN HATFIELD,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
FACILITY,
Respondent.

No. 62684

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant filed his petition on January 23, 2013, almost four years after issuance of the remittitur on direct appeal on March 10, 2009. *Hatfield v. State*, Docket No. 51719 (Order of Affirmance, February 11, 2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Hatfield v. State*, Docket No. 57351 (Order of Affirmance, September 15, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30676

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Robert W. Lane, District Judge
Gregory Allen Hatfield
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk