An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID VAN DUKE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65387

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on December 26, 2013, more than four years after issuance of the remittitur on direct appeal on May 19, 2009. *Duke v. State*, Docket No. 51142 (Order of Affirmance, April 21, 2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Duke v. State*, Docket No. 60837 (Order of Affirmance, March 14, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30707

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Appellant also appeared to claim that ineffective assistance of trial and appellate counsel would provide good cause to overcome the procedural bars. Appellant's argument did not demonstrate good cause because a claim of ineffective assistance of counsel that is itself procedurally barred cannot be good cause to excuse a procedural defect. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elissa F. Cadish, District Judge
David Van Duke
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk