An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEROY LEE JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65966

FILED

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant filed his petition on March 4, 2014, almost four years after issuance of the remittitur on direct appeal on May 11, 2010. *Jones v. State*, Docket No. 52476 (Order of Affirmance, April 16, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Jones v. State*, Docket No. 61976 (Order of Affirmance, October 16, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37428

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 872-73 (2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Second, appellant claimed that the procedural bars did not apply because he is actually innocent. Appellant claimed that he informed his trial counsel prior to trial of witnesses that would support his actual-innocence claims. Appellant's claim was without merit. Former coworkers identified appellant as the perpetrator of a burglary and robbery and surveillance video recorded him committing the additional crimes. Thus, appellant failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev.

838, 842, 921 P.2d 920, 922 (1996).  Therefore, the district court did not err in denying the petition as procedurally barred.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc:     Hon. Carolyn Ellsworth, District Judge
        Leroy Lee Jones
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.