An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMOND A. GARRETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66004

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on March 31, 2014, more than three years after issuance of the remittitur on direct appeal on August 10, 2010. *Garrett v. State*, Docket No. 53272 (Order of Affirmance, July 15, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Garrett v. State*, Docket No. 62191 (Order of Affirmance, February 12, 2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40426

Appellant appeared to claim that he had good cause due to ineffective assistance of post-conviction counsel during the litigation of his first petition. Appellant's claim lacked merit as appellant had no statutory right to post-conviction counsel, and thus the ineffective assistance of post-conviction counsel did not provide good cause for a successive and untimely petition. *See Crump v. Warden*, 113 Nev. 293, 303 & n.5, 934 P.2d 247, 253 & n.5 (1997); *McKague v. Warden*, 112 Nev. 159, 164-65 & n.5, 912 P.2d 255, 258 & n.5 (1996); *see also Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 870 (2014) (explaining that post-conviction counsel's performance does not constitute good cause to excuse the procedural bars unless the appointment of post-conviction counsel was mandated by statute). Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Pickering

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

SAITTA, J., dissenting:

I would extend the equitable rule recognized in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown*, 130 Nev. at ___, ___ P.3d at 875 (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim that was omitted due to the ineffective assistance of post-conviction counsel. I therefore dissent.

_____, J.
Saitta

cc: Hon. Stefany Miley, District Judge
Raymond A. Garrett
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk