An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN MAURICIO CASTILLO,
Appellant,
vs.
E.K. MCDANIEL, WARDEN; AND
CATHERINE CORTEZ MASTO,
ATTORNEY GENERAL,
Respondents.

No. 62188

FILED

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Juan Castillo filed his petition on December 30, 2010, more than 12 years after issuance of the remittitur on direct appeal on August 18, 1998. Therefore, Castillo's petition was untimely filed. *See* NRS 34.726(1). Castillo's petition was also successive because he had previously filed two post-conviction petitions for a writ of habeas corpus,[1] and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Castillo's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State

---

[1]*See Castillo v. State*, Docket No. 44555 (Order of Affirmance, April 5, 2005); *Castillo v. State*, Docket No. 37084 (Order of Affirmance, July 10, 2012).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04704

specifically pleaded laches, Castillo was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Castillo argues that the district court erred in dismissing his claim that his two consecutive sentences of life without the possibility of parole violate the Eighth Amendment. He also contends that his sentence violates U.S. Supreme Court precedent as announced in *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). He asserts that his sentencing hearing did not comply with the requirements of *Miller*. Citing *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), he argues that the district court erred in concluding that ineffective assistance of post-conviction counsel did not establish good cause for his failure to raise these claims sooner.

We conclude that this argument lacks merit. The ineffective assistance of post-conviction counsel is not good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, we have recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 872-73 (2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

To the extent that Castillo argues that *Graham* and *Miller* provide good cause to file a post-conviction petition and regardless of whether *Miller* may be retroactively applied to Castillo's sentence, we conclude that this argument lacks merit. *Graham* prohibits a court from sentencing a juvenile offender to a sentence of life without the possibility

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of parole for a nonhomicide offense and *Miller* prohibits a court from sentencing a juvenile convicted of homicide to a mandatory life-without-the-possibility-of-parole sentence. *Miller*, ___ U.S. at ___, 132 S. Ct. at 2475; *Graham*, 560 U.S. at 79. Neither precedent applies to Castillo's case. The jury had discretion to sentence Castillo to life without the possibility of parole, life with the possibility of parole after twenty years, or a definite term of fifty years with parole eligibility after twenty years for first-degree murder.[2] 1995 Nev. Stat., ch. 443, § 44, at 1181-82. Accordingly, the district court did not err in dismissing his petition without conducting an evidentiary hearing, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]The State withdrew its notice of intent to seek the death penalty prior to trial.

[3]We deny Castillo's motion for oral argument.

cc: Hon. Scott N. Freeman, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A