An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY EDWARD PETTY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67192

**FILED**

MAY 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is a pro se appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Anthony Petty filed his petition on October 30, 2014, over twelve years after this court issued the remittitur from his direct appeal on July 2, 2002. *Petty v. State*, Docket No. 37405 (Order of Affirmance, June 5, 2002). Petty's petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, his petition was successive because he had previously filed other post-conviction petitions,[2] and constituted an abuse of the writ because he raised claims different from those raised in his previous petitions. *See* NRS 34.810(1)(b); NRS 34.810(2). Thus, Petty's

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Petty v. State*, Docket No. 41918 (Order of Affirmance, May 28, 2004); *Petty v. State*, Docket No. 56071 (Order of Affirmance, November 8, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15316

petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Petty argued that the holdings in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013), constitute good cause to excuse the procedural bars. Petty's reliance on these cases is misplaced because the appointment of counsel in his prior post-conviction proceedings was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, *Martinez* does not apply to Nevada's post-conviction procedures. *Brown v. McDaniel*, 130 Nev. Adv. Op. 60, 331 P.3d 867, 870 (2014). Finally, Petty failed to demonstrate that the failure to consider his claims amounts to a fundamental miscarriage of justice. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

CHERRY, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel*, 130 Nev. Adv. Op. 60, 331 P.3d 867,

875 (2014) (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim that was omitted due to the ineffective assistance of post-conviction counsel. I therefore dissent.

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Anthony Edward Petty
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk