IN THE SUPREME COURT OF THE STATE OF NEVADA

| BARBARA ANNE PINKSTON, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 68266 |

FILED

APR 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed her postconviction petition on January 23, 2015, nearly 15 years after issuance of the remittitur on direct appeal on April 3, 2000. *Pinkston v. State*, Docket No. 31508 (Order Dismissing Appeal, March 2, 2000). Therefore, the petition was untimely filed. *See* NRS 34.726(1). Additionally, her petition was successive pursuant to NRS 34.810(1)(b) because she previously sought postconviction relief. *Pinkston v. State*, Docket No. 47500 (Order of Affirmance, June 27, 2007). Her petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant contends that the district court incorrectly concluded that her challenge to the premeditated murder instruction given at trial was barred by the law-of-the-case doctrine because it differed from her previous challenges to the instruction on direct appeal and in the prior

16-11721

postconviction proceeding.[1] Therefore, she argues, her new challenge to the premeditation instruction could appropriately be raised in the instant successive petition and she has established good cause and prejudice to overcome the procedural bars. Relying on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argues that first postconviction counsel was ineffective for failing to challenge the premeditation instruction on this new ground and therefore she has established good cause to overcome the procedural default. However, the ineffective assistance of postconviction counsel is not good cause here because the appointment of counsel in the prior postconviction proceeding was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). And she concedes that this court's holding in *Brown v. McDaniel* that *Martinez* does not apply to Nevada's statutory postconviction procedures forecloses her good-cause argument. 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014). Further, appellant's contention that the federal decisions in *Bunkley v. Florida*, 538 U.S. 835 (2003) and *Babb v. Lowzowsky*, 719 F.3d 1019 (9th Cir. 2013), provide good cause lacks merit as she has not explained her delay in filing her petition several years after those cases were decided.[2] We therefore conclude that the

---

[1]Even if the district court erred by concluding that appellant's challenge to the premeditated murder instruction was barred by the law-of-the-case doctrine, she has not demonstrated that further reconsideration of this claim would garner relief.

[2]Appellant notes that in her petition below she alleged ineffective assistance of appellate counsel and fundamental miscarriage of justice as additional grounds to overcome the procedural bars to the petition. In her

*continued on next page . . .*

district court did not err by denying appellant's postconviction petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

CHERRY, J., dissenting:

I respectfully dissent. I would extend the equitable rule recognized in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867 (2014) (Cherry, J., dissenting).

_____, J.
Cherry

---

... *continued*

opening brief, she indicates that she "maintains these assertions for preservation of the issue on subsequent review by any court." Because appellant has not provided relevant authority or cogent argument regarding these good-cause claims, this court need not address them. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

cc: Hon. Elissa F. Cadish, District Judge
Federal Public Defender/Las Vegas
Clark County District Attorney
Attorney General/Carson City
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A