# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELARIAN KAMERON WILSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68576

FILED

OCT 13 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Delarian Wilson filed his petition on February 9, 2015, more than five years after issuance of the remittitur on direct appeal on August 4, 2009. *See Wilson v. State*, Docket No. 52104 (Order of Affirmance, July 7, 2009). Wilson's petition was therefore untimely filed and procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See* NRS 34.726(1). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

First, Wilson argues that the ineffective assistance of appellate counsel provided good cause to excuse the delay. Although an ineffective-assistance claim may constitute good cause in some circumstances, the ineffective-assistance claim itself must not be procedurally barred. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Here, Wilson learned in July 2010 that remittitur had issued on his direct appeal, but the instant petition was filed more than four years later. Because the good-cause claim itself is untimely, we conclude that it does not overcome the procedural time bar.

16-32035

Second, Wilson argues that the ineffective assistance of counsel in the litigation of his prior postconviction petition for a writ of habeas corpus provided good cause to excuse the delay. Postconviction counsel delayed filing the petition for nearly a year after he was appointed, and counsel advised Wilson to withdraw his appeal of the district court order denying his first postconviction petition. However, counsel's performance cannot be good cause here because the appointment of counsel in the prior postconviction proceeding was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). We therefore conclude that the performance of Wilson's prior postconviction counsel does not overcome the procedural bar.

Finally, Wilson fails to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). Because his petition is untimely and he has failed to demonstrate cause for the delay and undue prejudice, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc:     Hon. David B. Barker, District Judge
        Matthew D. Carling
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk