# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN CLAY COOK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78040

**FILED**

JUL 16 2020


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a procedurally barred postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. The district court determined that appellant did not demonstrate good cause to excuse his delay in filing the petition. We agree.

The remittitur issued from appellant's direct appeal on March 21, 2017, *see Cook v. State*, Docket No. 64744 (Order of Affirmance, October 14, 2016), thus requiring a timely petition to be filed in the district court on or before March 21, 2018. *See* NRS 34.726(1) (requiring a petition to be filed within one year of issuance of the remittitur if a direct appeal is taken). Appellant filed his petition on September 11, 2018. Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice. *See id.*

To demonstrate cause for the delay, appellant had to demonstrate that an impediment external to the defense prevented him from filing a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). An impediment external to the defense may be shown when some interference by officials made compliance with the procedural deadlines impracticable. *Id.*

Appellant argues that he has cause to excuse his delay because the district court made compliance with the one-year filing period

20-26210

impracticable. Specifically, appellant argues that the district court erred in appointing postconviction counsel before a petition had been filed and then granting counsel's requests to extend the time to file a petition. Appellant likens his situation to that in *Flowers v. State*, Docket No. 70933 (Order of Reversal and Remand, July 12, 2017),[1] where good cause was found when the district court appointed postconviction counsel before a petition was filed and set a date for counsel to confirm the appointment outside of the one-year period to file a timely habeas petition. We agree with the district court that *Flowers* is distinguishable and that appellant did not demonstrate that an impediment external to the defense prevented him from complying with NRS 34.726.

Postconviction counsel was appointed and confirmed as counsel approximately six weeks after the remittitur issued on direct appeal.[2] Six weeks later, which was approximately three months after the remittitur issued, postconviction counsel represented that she had received the case file and a schedule was set for the petition to be filed by December 20, 2017. This date fell within the one-year period to file a timely petition. However, no petition was filed by that date. Instead, the day after the petition was to be filed, counsel moved for an extension of time because she had only recently hired an investigator. The district court granted the motion and scheduled a hearing to discuss a new briefing schedule—a hearing that fell within the one-year time period. Counsel, however, requested additional continuances and finally filed the petition on September 11, 2018.

---

[1]NRAP 36(c)(3) permits consideration of an unpublished decision entered after January 1, 2016, as persuasive authority.

[2]We note that appellant is represented by a different attorney on appeal.

Appellant's argument that the district court interfered with the filing of a timely petition lacks merit. Even if the district court erred in prematurely appointing postconviction counsel, *see* NRS 34.750(1) (contemplating the filing of a petition before the appointment of counsel), and granting multiple continuances requested by postconviction counsel, *see State v. Haberstroh*, 119 Nev. 173, 181, 69 P.3d 676, 682 (2003) (holding parties cannot stipulate to disregard statutory procedural rules), those errors did not cause the petition to be filed late. Unlike in *Flowers*, where the district court's actions made it inevitable that the petition would be filed late because the deadline it set to confirm postconviction counsel's appointment fell outside the one-year time period, the timing of the district court's appointment of postconviction counsel and the initial briefing schedule in this case allowed postconviction counsel ample opportunity to file a timely petition. It was the (in)actions of postconviction counsel, not the district court, that caused the late filing in this case. Postconviction counsel, who had received the case file, had approximately ten months from the date she confirmed as counsel to file the petition.[3] More importantly, the original schedule established a filing deadline well within the one-year period. It was postconviction counsel's continuances that delayed the filing until after the one-year period. The circumstances in this case demonstrate

---

[3]Counsel apparently was unaware that a pro se petition had not been filed before her appointment. But she easily could have ascertained whether a pro se petition had been filed by viewing the court's docket entries or asking her client. And even if counsel assumed she had been appointed after a pro se petition had been filed and therefore she would be filing a supplemental petition (if deemed necessary), it is difficult to conceive how she could have prepared a supplemental petition without reading the original petition. That postconviction counsel seemingly did not realize that a pro se petition had not been filed until the State's opposition is troubling.

that a petition could have been filed within the one-year period set by NRS 34.726. That it was not amounts to attorney error. And attorney error that does not rise the level of ineffective assistance of counsel is not an impediment external to the defense because the attorney is acting as the agent of the petitioner and the petitioner bears the risk of attorney error.[4] *See Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997). Because the appointment of counsel was not constitutionally required or mandated by statute, a claim of ineffective assistance of postconviction counsel cannot constitute good cause in this case. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014). Accordingly, appellant has failed to demonstrate cause for the delay, and the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                          Silver

cc:     Hon. Kathleen E. Delaney, District Judge
        Law Office of Betsy Allen
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[4]This is not a situation where postconviction counsel had abandoned appellant; the record clearly shows that postconviction counsel was representing appellant throughout the postconviction proceedings. *Cf. Maples v. Thomas*, 565 U.S. 266, 282 (2012) (determining that where the attorney has abandoned the client, any error cannot fairly be attributed to the client as the attorney-client relationship has been severed).