An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HAROLD STONEBARGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondents.

No. 60333

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on July 27, 2011, more than nine years after entry of the judgment of conviction on April 16, 2002.[1] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

---

[1]No direct appeal was taken.

[2]*Stonebarger v. State*, Docket No. 41745 (Order of Affirmance, August 27, 2004); *Stonebarger v. State*, Docket No. 47112 (Order of Affirmance, October 10, 2006).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30692

First, appellant asserts he has good cause to overcome the procedural bars because the State withheld exculpatory DNA evidence. Appellant asserts that recent testing excluded him as the source of DNA found on the victim's underpants. When a claim alleging withheld exculpatory evidence is raised in an untimely and successive post-conviction petition for a writ of habeas corpus, the petitioner has the burden of demonstrating good cause and actual prejudice. *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 988 (2013). "[E]stablishing that the State withheld the evidence demonstrates that the delay was caused by an impediment external to the defense, and establishing that the evidence was material generally demonstrates that the petitioner would be unduly prejudiced if the petition is dismissed as untimely." *Id.* (footnote omitted) (citing *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003)).

Appellant fails to demonstrate that an impediment external to the defense prevented him from raising this claim in a timely manner. Appellant fails to demonstrate that any evidence related to the victim's underpants was actually withheld as appellant fails to demonstrate that this evidence would not have been available to him through diligent investigation by the defense. *See id.* at ___ n.11, 275 P.3d at 100 n.11 (citing *Steese v. State*, 114 Nev. 479, 495, 960 P.2d 321, 331 (1998)). At the time appellant entered his guilty plea, he was in possession of reports showing that the State had collected the victim's underpants and appellant fails to demonstrate he could not have obtained that evidence in order to perform forensic testing prior to entry of his plea. Therefore, appellant fails to demonstrate that the State withheld evidence relating to the victim's underpants.

Appellant also fails to demonstrate actual prejudice as appellant fails to demonstrate a reasonable probability that he would have

2

refused to plead guilty and would have insisted on going to trial had his defense counsel sought DNA testing of evidence on the victim's clothing. *See id.* at ___, 275 P.3d at 98-99. The State's case was strong given the victim's version of events and appellant's detailed confession, the DNA evidence was not particularly persuasive as it fails to exonerate appellant of guilt given the victim's allegations of the nature of the sexual acts, appellant received a benefit from entry of the guilty plea as the number and severity of the charges were reduced, and appellant indicated in the guilty plea agreement and at the plea canvass that he entered the guilty plea voluntarily and knowingly. *See id.* at ___, 275 P.3d at 99 (discussing factors which may be considered when applying the materiality test). Based on those factors, appellant fails to demonstrate that he would not have pleaded guilty and would have insisted on going to trial had he possessed the DNA evidence from the victim's underpants. Because appellant fails to demonstrate that this evidence was material, he fails to demonstrate that any error in the disclosure of the DNA evidence prejudiced him.[3]

Second, appellant asserts he has good cause to overcome the procedural bars due to ineffective assistance of trial counsel. Appellant's claim lacks merit because a procedurally barred claim of ineffective assistance of trial counsel fails to demonstrate that there was an impediment external to the defense that prevented him from raising his claims in a timely manner. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

---

[3]The State argues that this court should not consider this claim because it was not raised before the district court. However, a review of appellant's petition and supporting documents reveals that this claim was raised below.

Third, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argues that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel is not good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996). In addition, appellant does not explain the almost seven-year delay in raising claims challenging the performance of his counsel for his first petition or why he could not raise such claims in his second petition. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Fourth, appellant argues that the DNA evidence demonstrates that he is actually innocent. We note that the Ninth Circuit Court of Appeals has already rejected appellant's claim of actual innocence. *Stonebarger v. Williams*, 458 Fed. App'x. 627 (9th Cir. 2011). We agree with the Ninth Circuit. As discussed previously, the DNA evidence is not particularly persuasive given the victim's allegations and appellant's detailed confession. Therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Accordingly, the district court did not err in dismissing the petition as procedurally barred.

Next, appellant argues that the district court erred in dismissing his petition without conducting an evidentiary hearing. To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). As discussed previously, appellant did not raise claims which would have entitled him to relief. Therefore, the district court did not err in dismissing the petition without conducting an evidentiary hearing.

Appellant also fails to overcome the presumption of prejudice to the State because he fails to demonstrate a fundamental miscarriage of justice. *See* NRS 34.800(1)(b). Therefore, the district court did not err in dismissing the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                             Cherry

cc:   Hon. Stefany Miley, District Judge
      Federal Public Defender/Las Vegas
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk