An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL RAY WHEELER,
Appellant,
vs.
RENEE BAKER, WARDEN ELY STATE
PRISON; JAMES COX, DIRECTOR,
NEVADA DEPARTMENT OF
CORRECTIONS; AND THE STATE OF
NEVADA,
Respondents.

No. 62121

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant filed his petition on February 7, 2012, more than three years after issuance of the remittitur on direct appeal on May 2, 2008. *Wheeler v. State*, Docket No. 48963 (Order of Affirmance, April 7, 2008). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Wheeler v. Warden*, Docket No. 57672 (Order of Affirmance, September 14, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30691

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, appellant claimed that he had good cause to overcome the procedural bars because his appellate counsel was ineffective. Appellant's claim lacked merit because a procedurally barred claim of ineffective assistance of counsel cannot constitute cause for additional claims of ineffective assistance of counsel. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Moreover, appellant did not explain why he could not have raised claims of ineffective assistance of appellate counsel in a timely petition. *See id.*

Second, appellant claimed that he had good cause due to ineffective assistance of post-conviction counsel during the litigation of his first petition. Appellant's claim lacked merit as appellant had no statutory right to post-conviction counsel, and thus the ineffective assistance of post-conviction counsel did not provide good cause for a successive and untimely petition. *See McKague v. Warden*, 112 Nev. 159, 164-65 & n.5, 912 P.2d 255, 258 & n.5 (1996); *Crump v. Warden*, 113 Nev. 293, 303 & n.5, 934 P.2d 247, 253 & n.5 (1997); *see also Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___. ___ (Adv. Op. No. 60, August 7, 2014) (explaining that post-conviction counsel's performance does not constitute good cause to excuse the procedural bars unless the appointment of post-conviction counsel was mandated by statute). Therefore, the district court did not err in dismissing the petition as procedurally barred.

Finally, appellant claimed it would be a fundamental miscarriage of justice if his petition was procedurally barred. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal

innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, the district court did not err in dismissing the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                            Cherry

cc:    Hon. Scott N. Freeman, District Judge
       Michael Ray Wheeler
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.