An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL TRACY MCLAUGHLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63603

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Michael McLaughlin filed his petition on February 14, 2013, nearly seven years after issuance of the remittitur on direct appeal on March 14, 2006. *McLaughlin v. State*, Docket No. 44225 (Order of Affirmance, February 15, 2006). Thus, McLaughlin's petition was untimely filed. *See* NRS 34.726(1). Moreover, McLaughlin's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus.[1] *See* NRS 34.810(2). Thus, McLaughlin's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, McLaughlin was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

---

[1]*McLaughlin v. State*, Docket No. 57249 (Order of Affirmance, January 12, 2012).

14-30673

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), McLaughlin argues that ineffective assistance of post-conviction counsel excuses his procedural defects. He claims that post-conviction counsel was ineffective for failing to investigate and obtain readily-available information to develop his claim that trial counsel was ineffective for failing to pursue a voluntary intoxication defense. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Moreover, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition. Furthermore, McLaughlin fails to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in dismissing McLaughlin's petition as procedurally barred.

Next, McLaughlin argues that the district court erred in denying ground one of his petition under the law-of-the-case doctrine because there exists new evidence to establish that trial counsel was ineffective for failing to pursue a voluntary intoxication defense. While the district court found that this claim was barred under the law-of-the-case doctrine, we note that this claim was also procedurally barred, as discussed *supra*. McLaughlin fails to demonstrate good cause to overcome the procedural bar, and we conclude that the district court reached the right result in dismissing McLaughlin's petition. *See Wyatt v. State*, 86

Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]Although the "Verification" included with the fast track statement pursuant to NRAP 3C(h)(3) indicates that the brief complies with the formatting requirements in NRAP 32(a)(4), *see* NRAP 3C(h)(1) (requiring fast track filings to comply with the formatting provisions in NRAP 32(a)(4)-(6)), review of the brief indicates that the text is not double-spaced and the brief does not have margins of at least one inch on all four sides as required. We caution appellant's counsel that future failure to comply with this court's rules when briefing appeals may result in the imposition of sanctions, including monetary sanctions. *See* NRAP 3C(n).