An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

EDUARDO CAMACHO,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 63354

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on November 7, 2011, more than three years after this court issued the remittitur from his direct appeal on August 8, 2008. *Camacho v. State*, Docket No. 49150 (Order Affirming in Part, Vacating in Part, and Remanding, July 14, 2008). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus,[1] and it constituted an abuse of the writ to the extent he raised claims new and different from those in his first petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

---

[1]*Camacho v. Warden*, Docket No. 55401 (Order of Affirmance, April 6, 2011).

14-30778

On appeal, appellant argues that the United States Supreme Court decisions in *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), provided good cause to raise his claim that trial counsel was ineffective for failing to secure or communicate plea offers. Appellant's good-cause argument is without merit because his case was final when *Lafler* and *Frye* were decided, and he has failed to demonstrate that the decisions would apply retroactively to him. Even if those decisions announced new rules of constitutional law, he has failed to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002).

Next, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argues that ineffective assistance of post-conviction counsel excused his procedural defects. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Appellant also argues that the district court abused its discretion by failing to hold an evidentiary hearing on his claims. Because

appellant's allegations in his petition did not demonstrate good cause to overcome the procedural bars, he was not entitled to an evidentiary hearing. *See Hargrove v. State,* 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is not entitled to an evidentiary hearing where his claims are unsupported by specific factual allegations that, if true, would have entitled him to relief). Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas


CHERRY, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel,* 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim that was omitted due to the ineffective assistance of post-

conviction counsel. I therefore dissent.

_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
      Karla K. Butko
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk