An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KOU LO VANG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64091

**FILED**

OCT 16 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant filed his petition on May 16, 2013, more than 24 years after issuance of the remittitur on direct appeal on December 13, 1988. *Vang v. State*, Docket No. 17993 (Order Dismissing Appeal, November 22, 1988). Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]In addition, we note that the petition was untimely from the January 1, 1993, effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34382

different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant claimed that ineffective assistance of post-conviction counsel and the failure to appoint post-conviction appellate counsel excused his procedural defects. Ineffective assistance of post-conviction counsel or lack of post-conviction appellate counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, 130 Nev. ___, 331 P.3d 867 (2014), and thus, *Martinez* does not provide good cause for this late and successive petition. In addition, *Martinez* does not apply to "appeals from initial-review collateral proceedings," and therefore, does not apply to appellant's claims of ineffective assistance of post-conviction appellate counsel. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1320; *see also See Coleman v. Thompson*, 501 U.S. 722, 755-757 (1991) (holding that a petitioner did not have a "constitutional right to counsel on

---

[3]*Vang v. State*, Docket No. 47495 (Order of Affirmance, December 21, 2006); *Vang v. State*, Docket No. 28905 (Order Dismissing Appeal, July 21, 1998).

appeal from the state habeas trial court judgment" and that a claim of ineffective assistance of counsel during state habeas appellate proceedings does not constitute cause to excuse procedural defects).

Second, appellant claimed that he had good cause because he recently discovered that his trial counsel did not communicate a plea offer from the State and improperly advised him regarding an additional plea offer. Appellant also claimed that *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), provided good cause to raise this claim. Appellant's claim was without merit. The plea offers were discussed on the record during the 1986 trial, in appellant's presence, and counsel stated that appellant had rejected both of the State's offers. Therefore, claims stemming from the State's plea offers were reasonably available to be raised in a timely petition and appellant did not demonstrate that there was an impediment external to the defense that prevented him from timely raising this claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Moreover, appellant failed to demonstrate that *Cooper* and *Frye* provided good cause because his case was final when those cases were decided, and he failed to demonstrate that those cases would apply retroactively to him. *See Clem v. State*, 119 Nev. 615, 627-28, 81 P.3d 521, 530-31 (2003). Even if *Cooper* and *Frye* announced new rules of constitutional law, appellant failed to demonstrate that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 820, 59 P.3d 463, 472 (2002) (explaining that new constitutional rules only apply retroactively "(1) if the rule establishes that it is unconstitutional to proscribe certain conduct as criminal or to impose a type of punishment on certain defendants because of their status or offense; or (2) if it establishes a

procedure without which the likelihood of an accurate conviction is seriously diminished").

In addition, appellant failed to demonstrate actual prejudice related to his claim involving plea offers. He did not demonstrate a reasonable probability that there was a plea offer from the State that appellant would have accepted absent ineffective assistance of counsel, that the State would not have withdrawn it in light of intervening circumstances, and that the district court would have accepted it. *See Lafler*, 566 U.S. at ___, 132 S. Ct. at 1385; *Frye* 566 U.S. ___, 132 S. Ct. at 1409. Therefore, the district court did not err in denying this claim.

Appellant also failed to overcome the presumption of prejudice to the State because he failed to demonstrate a fundamental miscarriage of justice. *See* NRS 34.800(1)(b). Therefore, the district court did not err in denying the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre


SAITTA, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches

under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____, J.
Saitta

cc: Hon. Jerome T. Tao, District Judge
Kou Lo Vang
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk