An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NERY A. KEHRT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65999

FILED

FEB 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant filed his petition on April 4, 2014, almost five years after entry of the judgment of conviction on April 21, 2009.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

Appellant first claimed that he had cause to excuse his delay because he requested that his trial counsel file an appeal, he was misled

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

15-04592

into believing an appeal had been filed because counsel had sent him a prepared notice of appeal, and he only learned that no appeal had been filed in October of 2012.

This court has held that an appeal-deprivation claim may in certain circumstances provide good cause to excuse the filing of an untimely petition. *See Hathaway v. State*, 119 Nev. 248, 71 P.3d 503 (2003). In order to demonstrate cause for the delay, a petitioner must demonstrate that he actually believed trial counsel had filed an appeal, that the belief was objectively reasonable, and that he had filed a post-conviction petition within a reasonable time after learning that no direct appeal had been filed. *Id.* at 255, 71 P.3d at 508.

While appellant may have reasonably believed that his counsel had filed an appeal on his behalf given the fact that trial counsel had sent him a copy of a notice of appeal, appellant's assertion that he believed a direct appeal was pending until 2012, more than three years after his judgment of conviction was filed, was not an objectively reasonable belief. *See id.* at 252-53, 71 P.3d at 506. Moreover, appellant did not file his petition within a reasonable time after he allegedly learned that a direct appeal was not pending. Even assuming that appellant only learned in October 2012, that there was no direct appeal pending, appellant waited until April 2014, to file his petition. Such a delay was not reasonable. Thus, appellant failed to demonstrate that this claim should provide cause for the delay.

Second, appellant claimed that he had good cause due to ineffective assistance of post-conviction counsel. Appellant's claim lacked merit as appellant had no statutory right to post-conviction counsel, and

thus the ineffective assistance of post-conviction counsel did not provide good cause for the untimely petition. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996); *see also Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 870 (2014) (explaining that post-conviction counsel's performance does not constitute good cause to excuse the procedural bars unless the appointment of post-conviction counsel was mandated by statute).

Third, appellant appeared to claim he had good cause because he had a mistaken belief that he had been appointed post-conviction counsel shortly after he was convicted and did not discover his mistake until November 2012. Appellant's mistaken belief did not explain the entire delay in filing his petition, and appellant did not explain why his confusion prevented him from filing a petition until April 2014.

A petitioner unable to demonstrate good cause to excuse a procedurally defective petition may nevertheless be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In his petition, appellant argued that his convictions for first-degree kidnapping and conspiracy to commit kidnapping must be reversed because the kidnapping was incidental to the attempted robbery. Notably, the kidnapping convictions for appellant's co-defendants, who were tried jointly with appellant, were reversed on direct appeal as being incidental to the attempted robbery convictions and the convictions for conspiracy to commit kidnapping were reversed due to insufficient evidence. *See Mayorga-Vargas v. State*, Docket No. 53708

(Order Affirming in Part, Reversing in Part, and Remanding, July 19, 2010); *Lima-Martinez v. State*, Docket No. 56488 (Order Affirming in Part, Reversing in Part and Remanding, April 7, 2011).

Ordinarily, a petitioner must make a colorable showing of actual innocence of the crime to demonstrate a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). However, as a matter of law, failure to apply this court's prior determination regarding the insufficient evidence on the convictions of kidnapping and conspiracy to commit kidnapping to appellant would result in a fundamental miscarriage of justice. Appellant and the codefendants were tried jointly and the evidence against appellant was virtually identical to that of his codefendants. Appellant's convictions for kidnapping and conspiracy to commit kidnapping are legally infirm for the same reasons that the codefendants' convictions were determined to be infirm, and appellant was prevented from raising this claim on direct appeal due to his trial counsel's failure to file a direct appeal.[3] The record demonstrates that when appellant learned that a direct appeal had not been filed, he filed a motion to appoint counsel and asserted that he had been deprived of a direct appeal. Under these unique circumstances, we determine that appellant demonstrated that the failure to consider his claim regarding the convictions for kidnapping and conspiracy to commit kidnapping amounted to a fundamental miscarriage of justice. Therefore,

---

[3]As discussed earlier, appellant requested that his trial counsel file an appeal and appellant alleged that he believed an appeal had been filed when he received a copy of a blank notice of appeal from counsel.

we reverse the district court's decision and remand for the district court to vacate appellant's convictions for kidnapping and conspiracy to commit kidnapping. Accordingly, we

ORDER the judgment of the district court AFFIRMED in part and REVERSED in part and REMANDED in part.[4]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 20
     Nery A. Kehrt
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[4]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein. This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.