# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONEALE L. FEAZELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66311

FILED

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Doneale Feazell argues that the district court erred in denying his second postconviction petition for a writ of habeas corpus on the grounds that he received ineffective assistance of counsel in his second penalty hearing and his April 2000 postconviction evidentiary hearing.[1] To demonstrate ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there is a reasonable probability that, but for counsel's errors, the outcome

---

[1]This is Feazell's first postconviction petition for a writ of habeas corpus following his second penalty hearing, which took place after this court vacated his sentence and ordered a new penalty hearing. *See Feazell v. State*, Docket No. 37789 (Order Affirming in Part and Vacating in Part, Nov. 14, 2002). Patricia Erickson represented him at the second penalty hearing, and Scott Bindrup represented him at the prior postconviction evidentiary hearing. When postconviction counsel is appointed pursuant to a statutory mandate, *see* NRS 34.820(1), a petitioner is entitled to effective assistance of that counsel. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996).

16-01506

of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 689.

First, Feazell argues that Erickson was ineffective at the second penalty hearing for failing to direct Dr. Cunningham to conduct a personal interview, in part because this omission opened the expert testimony to impeachment. "A strategy decision, such as who should be called as a witness, is a tactical decision that is virtually unchallengeable absent extraordinary circumstances." *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (internal quotation marks omitted). Erickson explained her strategy decision during the evidentiary hearing: she was concerned that Feazell would have discussed his extreme racial views, which then could have been raised in court to the detriment of his defense. Considering that Dr. Cunningham was amply able to testify regarding risk factors toward delinquency and criminality in Feazell's family and neighborhood without interviewing Feazell, we conclude that Feazell has not shown extraordinary circumstances justifying a challenge to Erickson's strategy decision regarding the scope of Dr. Cunningham's investigation. Therefore, we conclude that the district court did not err.

Second, Feazell argues that Erickson was ineffective for failing to request a psychological evaluation. When mental health records suggest that a psychological evaluation may prove favorable in mitigating a death sentence, "counsel's failure to request such an evaluation is both

inadequate and prejudicial." *See Riley v. State*, 110 Nev. 638, 650, 878 P.2d 272, 280 (1994). As no prior mental health records suggested that Feazell had any pretrial psychological or cognitive disorders and a sentence of death was not a possibility during the second penalty hearing, *Riley* is not on point, and Feazell has failed to show that Erickson's performance was deficient. Therefore, we conclude that the district court did not err.

Third, Feazell argues that Erickson was ineffective during the second penalty hearing for not arguing trial counsel's ineffectiveness for failing to obtain an eyewitness identification expert. The district court concluded that Feazell had not shown that counsel's performance fell below an objective standard of reasonableness or that a different outcome would have developed but for counsel's alleged deficiencies, and we agree. Feazell previously argued, through first postconviction counsel Scott Bindrup, that trial counsel was ineffective for this failure, and this court rejected the claim. *Feazell v. State*, Docket No. 37789, at 3 (Order Affirming in Part and Vacating in Part, Nov. 14, 2002) (concluding that Feazell had no entitlement to an eyewitness identification expert). This court's prior ruling is the law of the case, *see Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975), and Feazell has not shown that Erickson performed deficiently by failing to argue that trial counsel was deficient when this court had previously rejected the claim. Further, Feazell has not shown that the claim that he wanted Erickson to raise would have had a reasonable likelihood of success. *See Nika v. State*, 124 Nev. 1272, 1293, 198 P.3d 839, 853 (2008).

Fourth, Feazell argues that Erickson was ineffective for not challenging Feazell's guilt at his second penalty hearing by contesting the inculpatory eyewitness testimony. During the evidentiary hearing,

Erickson attempted to challenge the credibility of the eyewitness who had identified Feazell as the perpetrator, and the district court ruled that counsel could not relitigate Feazell's guilt during the penalty phase. *See Browning v. State*, 124 Nev. 517, 526-27, 188 P.3d 60, 67 (2008) (addressing the scope of penalty hearings). In denying the underlying petition, the district court found that counsel had not been permitted to attack the witness's credibility and concluded that counsel was not ineffective. Feazell has not shown that challenging the witness's credibility was relevant to a proper subject of the penalty hearing, and we conclude that the district court did not err in denying relief on this ground.

Fifth, Feazell argues that Erickson was ineffective in failing to object to the district court's finding of a mistrial or to request that the jury be given an additional day to deliberate. After one and a half days of deliberation, the jury foreperson informed the district court that the jury was hopelessly deadlocked and that additional time to deliberate would not help, *see Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 702, 220 P.3d 684, 692 (2009), and the district court accordingly concluded that manifest necessity compelled a mistrial. As the jury instructions unambiguously stated two sentencing options, Feazell's contention that the foreperson's description of the jury split as "eight, three, and one" entailed that the jurors mistakenly believed that there were three sentencing options, not two, is less plausible than the State's alternative, that one of the jurors was undecided. We conclude that the district court acted within its discretion in ordering the mistrial, *see Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004), and that Feazell's desired objection would have been futile, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). As the jury was deadlocked, Feazell has not shown that a request for an additional day of deliberation would yield a

reasonable probability of a different outcome. Thus, we conclude that the district court did not err in denying relief on this claim.

Sixth, Feazell argues that Erickson was ineffective for not obtaining a gang expert without a pending criminal charge. Counsel alone has the ultimate responsibility of deciding which witnesses to develop. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). Feazell concedes that it may have been a good strategic move to decline to call the prepared gang expert to testify when counsel learned shortly before the penalty hearing that the expert had a pending criminal charge. He further notes that Erickson had unsuccessfully sought to exclude evidence of the gang expert's pending charge. Instead, Feazell argues that it would have been a better move to get a different expert without a pending charge. Strategic decisions regarding developing witnesses rest with counsel, and Feazell's disagreement on strategy does not show that Erickson's performance was deficient. Thus, we conclude that the district court did not err in denying this claim.

Seventh, Feazell argues that postconviction counsel provided ineffective assistance of counsel for failing to call five alibi witnesses to testify at the first postconviction evidentiary hearing[2] even though their anticipated exculpatory testimony was known and discussed in the habeas petition. The district court concluded that Feazell failed to show that Bindrup's performance was objectively unreasonable or that he would have received a more favorable outcome but for counsel's alleged deficiencies. During the first postconviction evidentiary hearing, trial

---

[2]Feazell appears to ascribe this alleged deficiency to Erickson, although Scott Bindrup represented him during the first postconviction evidentiary hearing.

counsel testified that he learned of the alibi witnesses in investigating the case and declined to pursue an alibi defense out of ethical concerns, which arose following his conversations with certain individuals. This strongly suggests trial counsel's belief that the alibi affidavits sworn by Feazell's family members contained false testimony that could not be presented in a court of law. *See* NRPC 3.3(a)(3). Accordingly, Bindrup likewise did not perform deficiently in declining to pursue this suspect testimony during the first postconviction evidentiary hearing.

Eighth, Feazell argues actual innocence on the basis that his alibi witnesses establish his actual innocence, warranting reversal. Feazell's actual-innocence argument mischaracterizes actual innocence as a ground for relief, rather than a means of overcoming a procedural bar. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Nevertheless, even assuming that actual innocence could be raised as a freestanding claim, *cf. Herrera v. Collins*, 506 U.S. 390, 404-405 (1993) (noting that the United States Supreme Court has never endorsed a freestanding claim of actual innocence), Feazell has not shown actual innocence because the evidence is not reliable and thus not credible when trial counsel concluded that the evidence could not be presented ethically. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence[.]"). Feazell does not contest trial counsel's determination that this alibi evidence posed an ethical problem preventing its presentation. Moreover, the unexplained four-year gap between the date of the affidavits and the crime and the suspect credibility of the affiants who were all Feazell's family members undermines the reliability of Feazell's proffered alibi evidence. *See id.* at 332 ("[T]he court may consider how the timing of the submission and the likely credibility of the

SUPREME COURT
OF
NEVADA

(O) 1947A

6

affiants bear on the probable reliability of that evidence."). Lastly, Feazell has not shown that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Therefore, we conclude the district court did not err in denying this claim.

Having considered Feazell's contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                       Pickering

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Law Office of Kristina Wildeveld
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]To the extent that Feazell asserts that the district court erred with respect to the scope of the evidentiary hearing, we conclude that he has failed to present relevant authority or cogent argument supporting an entitlement to relief. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).