# IN THE SUPREME COURT OF THE STATE OF NEVADA

GILES MANLEY A/K/A GILES
KENNETH SHARIF MANLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63120

FILED

APR 0 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Giles Manley filed his petition on September 26, 2012, more than eight years after issuance of the remittitur on direct appeal on June 29, 2004. Therefore, Manley's petition was untimely filed. *See* NRS 34.726(1). Manley's petition was also successive because he had previously filed two postconviction petitions for a writ of habeas corpus,[1] and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Manley's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

---

[1]*Manley v. State*, Docket No. 53056 (Order of Affirmance, April 8, 2010); *Manley v. State*, Docket No. 48319 (Order of Affirmance, July 17, 2007).

16-10289

Manley argues that *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), rendered his sentence unconstitutional and provided him with good cause to excuse the untimely filing of his petition. However, while his appeal was pending, the Legislature enacted A.B. 267. We conclude that A.B. 267 provides Manley with any relief *Miller* arguably affords as it makes him parole eligible within his lifetime. *See Montgomery v. Louisiana*, ___ U.S. ___, ___, 136 S. Ct. 718, 735 (2016); *State v. Boston*, 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015). Therefore, he failed to demonstrate that *Miller* provides good cause to excuse the procedural bars or that he would suffer prejudice from the failure to consider this claim.

Manley also contends that the ineffectiveness of his prior counsel constitutes good cause to excuse his procedural default. He contends that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), mandates that the ineffectiveness of postconviction counsel constitutes good cause. We conclude that this argument lacks merit. Manley's claims of ineffective assistance of trial and appellate counsel do not constitute adequate cause because those claims are untimely and successive. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) ("[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."). The ineffective assistance of postconviction counsel is not good cause in the instant case because the appointment of counsel in the prior postconviction proceedings was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, we have recently held that *Martinez* does not apply to Nevada's statutory postconviction procedures,

*see Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 872-73 (2014), and thus, *Martinez* does not provide good cause for this untimely and successive petition. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Lastly, Manley contends that the failure to consider the claim that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment amounts to a fundamental miscarriage of justice. We disagree. Manley's claim relates solely to the procedure utilized in sentencing him to life without the possibility of parole. It does not implicate whether Manley is "actually innocent of the crime or is ineligible for the death penalty." *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Therefore, the district court did not err in dismissing this claim without conducting an evidentiary hearing.

Having considered Manley's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C. J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown*, 130 Nev., Adv. Op. 60, 331 P.3d 867 (Cherry, J., dissenting). Accordingly, I would reverse and remand for the district court

to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim that was omitted due to the ineffective assistance of post-conviction counsel. I therefore dissent.

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk